## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

TIKK-A-WOK, INC., d/b/a DESI WOK,    )
                                         )
        Plaintiff,             )
                                         )     Case No. 18-CV-570-JED-FHM
v.                                     )
                                         )
TRAVELERS CASUALTY INSURANCE   )
COMPANY OF AMERICA,           )
                                         )
        Defendant.           )

## OPINION AND ORDER

### I.    Background

The plaintiff, Tikk-A-Wok, Inc., d/b/a Desi Wok (Desi Wok) initiated this action in Tulsa County District Court, asserting claims of breach of an insurance contract and a claim of bad faith breach of that insurance contract. (*See* Petition, Doc. 2-2). According to the allegations of the Petition, Desi Wok was covered by a policy issued by the defendant, Travelers Casualty Insurance Company of America (Travelers), which provided coverage for Extended Business Income Loss. (*Id.*, ¶ 5-6). That coverage provided:

> If the necessary "suspension" of your "operations" produces a Business Income Loss payable under [the insurance agreement], [Travelers] will also pay for the actual loss of Business Income you sustain during the period that:
> (1)  Begins on the date property is actually repaired, rebuilt or replaced and "operations" are resumed; and
> (2) Ends on the earlier of: (a) The date you could restore your "operations" with reasonable speed, to the level which would generate the Business Income amount that would have existed if no direct physical loss or damage occurred; or (b) Sixty consecutive days after the date determine in Paragraph (1) above.

(*Id.*, ¶ 7).

Desi Wok suffered a fire on February 19, 2017 and was closed for repairs until November 29, 2017. (*Id.*, ¶¶ 8, 10). Desi Wok asserts that, during the 60 days after reopening, its business revenue was over $30,000 below comparable income figures for prior years. (*Id.*, ¶ 14). Desi Wok filed a claim under the policy's Extended Business Income Loss coverage. (*Id.*, ¶ 15). Travelers remitted payment for only $650.88 and refused, without justification, to make additional payments despite further demand from Desi Wok under the policy. (*Id.*, ¶¶ 16-18). The plaintiff alleges that Travelers did not provide any specific explanation for denial of the full amount claimed and thus unjustifiably and unreasonably refused to timely pay in accordance with the policy's terms. (*Id.* at 18-20).

Travelers has moved for partial dismissal (*see* Doc. 10), arguing that Desi Wok's pleading does not state a claim for bad faith breach and thus Desi Wok may also not seek punitive damages. In addition to the foregoing factual allegations, Desi Wok's Second Cause of Action avers that Travelers refused to pay what it knew plaintiff was entitled to, failed to conduct an adequate investigation to justify its refusal to pay the amount claimed by Desi Wok, engaged in deceptive claims handling, and refused to honor the claim without a legitimate, arguable reason, or any evidence or support for its refusal. (*Id.*, ¶ 30).

## II.    Dismissal Standards

In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether plaintiff has stated a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007). The standard requires "enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555-56, 570 (citations omitted). *Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). The Court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *See Twombly*, 550 U.S. at 555.

The dismissal standard does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555-56, 570 (citations omitted). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]. And, of course, a well-pleaded [pleading] may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563.

## III. Discussion

Under Oklahoma law, an insurer has an implied duty to deal fairly and act in good faith with its insured. *Christian v. American Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977). Violation of that duty gives rise to a tort cause of action. *Id.* "The essence of the tort of bad faith . . . is the unreasonableness of the insurer's actions." *Conti v.*

*Republic Underwriters Ins. Co.*, 782 P.2d 1357, 1360 (Okla. 1989). An insurer does not subject itself to a claim merely by disputing coverage, where there is a "legitimate dispute" regarding coverage of the claim and "the insurer's position is 'reasonable and legitimate.'" *Timberlake Constr. Co. v. United States Fidelity & Guar. Co.*, 71 F.3d 335, 343 (10th Cir. 1995) (quoting *Thompson v. Shelter Mut. Ins.*, 875 F.2d 1460, 1462 (10th Cir. 1989)).

However, "a legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith." *Id.* "An insured may pursue a claim of bad faith even where the insurer has a legitimate defense to coverage." *Id.* "[I]n order to pursue such a claim, the insured must present sufficient 'evidence reasonably tending to show bad faith.'" *Id.* (quoting *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993)). To establish a bad faith claim, an insured will ultimately have to present evidence from which a reasonable jury could conclude that "the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim.'" *Id.*

The essential elements of a bad faith claim under Oklahoma law are: (1) The insured was entitled to coverage under the insurance policy at issue; (2) the actions of the insurer were unreasonable under the circumstances; (3) the insurer did not deal fairly and in good faith with its insured; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the insured's injury. *See Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 (Okla. 2005). Of course, at the pleading stage, a plaintiff need not prove his case or plead specific evidence. A plaintiff need only allege sufficient facts to state a plausible claim. *See Twombly*, 550 U.S. at 570.

Desi Wok has not only provided "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, it has alleged in its pleading that Travelers paid only $650.88, which was approximately two percent of the actual business loss that Desi Wok suffered following the fire. Desi Wok also alleges that Travelers did so without investigating the loss or explaining its failure to compensate Desi Wok for the full amount of $30,602.07, which Desi Wok contends it lost in business income when compared to income figures for comparable time periods in prior years. Desi Wok's allegations state a plausible claim for bad faith breach and are thus sufficient at the pleading stage to avoid dismissal of its bad faith claim and request for punitive damages.

## IV.  Conclusion

For the foregoing reasons, Travelers's motion to dismiss (Doc. 10) the bad faith claim and punitive damages allegation is **denied**. The Clerk will enter an Order for Joint Status Report. As a result, the plaintiff's Application for Status and Scheduling Conference (Doc. 16) is **moot**. A scheduling order will be entered after receipt of the parties' Joint Status Report.

SO ORDERED this 17th day of July, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT